RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 3 , 26 , 07
BY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES BROWN | DOCKET NO. 06-CV-2223 |
| VERSUS | JUDGE DRELL |
| WINN CORRECTIONAL CENTER, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on November 20, 2006, by *pro se* plaintiff James Brown. Brown is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC); he is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff filed a "ten million dollar tort action civil suit based on discrimination, denial of due process, illegal search, cruel and unusual punishment, negligence, pain and suffering" on November 20, 2006. He claims that he was denied various constitutional and other rights as a result of being convicted of a disciplinary violation. Plaintiff has alleged that, on August 9, 2006, he was working at the "culinary arts kitchen" as a "culinary tutor" at WCC. [Doc. #1-1, p.4] Cpt. Coleman asked the plaintiff for the combination to his foot locker. Plaintiff gave the numbers to Ms. Bryant, who gave them to Coleman. Coleman used the combination to search Plaintiff's locker.

Plaintiff claims that, while walking back to his housing unit from the kitchen, he was stopped by Warden Tim Keith who was exiting the housing unit. Keith called Coleman on the security radio

and Coleman stated that he was still "shaking the plaintiff's property down." [Doc. #1-1, p.5]

Plaintiff alleges that Coleman sent him to the courtroom, refusing Plaintiff the right to be present while his property was being "shaken down." Therefore, Plaintiff claims the search was illegal. A few minutes later, Coleman and Miles entered the courtroom along with the plaintiff. While Coleman and Keith met with Chief Lucas, Miles stayed with the plaintiff. Miles informed the plaintiff that Cpt. Coleman had found two bags of marijuana in pink Sweet'N Low bags on the upper ledge of the wall locker. [Doc. #1-1, p.6] Plaintiff informed Miles that he "didn't mess with drugs."

On August 14, 2006, Plaintiff plead not guilty of the disciplinary violation with which he was charged. He filed a motion to have his charge investigated, but the motion was denied, and Plaintiff was convicted of possessing contraband. Plaintiff was placed in the "working cell block" where he stayed for two months and three weeks.

## LAW AND ANALYSIS

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). Still, district courts must construe *in forma pauperis* complaints

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992).

liberally, particularly in the context of dismissals under § 1915(e)(2)(B).  On the other hand, the courts are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias, 23 F.3d at 97.

1.     Search of Plaintiff's Cell

Plaintiff claims that the search of his cell was illegal because he was not allowed to be present during the search.  The Supreme Court has held that random searches of inmates, individually or collectively, and their cells and lockers are valid and necessary to ensure the security of the institution and the safety of inmates and all others within its boundaries. This type of search allows prison officers flexibility and prevents inmates from anticipating, and thereby thwarting, a search for contraband.  See Hudson v. Palmer, 468 U.S. 517, 529 (U.S. 1984), citing Marrero v. Commonwealth, 222 Va. 754, 757 (1981). The Hudson Court held that prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells.  Therefore, Plaintiff's argument is meritless.

2.     Due Process/Prison Disciplinary Proceeding

Plaintiff claims that he was wrongfully convicted of a rule violation for which he had to spend two months and three weeks in the working cell block.  He argues that he was denied due process and discriminated against because his motion to put the contraband charge under

3

investigation was denied. Finally, Plaintiff claims that the defendants are liable because they ruined his chance at getting parole since he was convicted shortly before his parole hearing.

As to Plaintiff's time spent in the working cellblock, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which adversely affects prisoners. Bridges v. Lee, 124 Fed. Appx. 225, 226 (5th Cir. 2005)(citing Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997)). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. (citations omitted). The Court held that the prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Plaintiff's placement in the working cellblock did not impose an atypical or significant hardship in relation to the ordinary incidents of prison life. His constitutional rights in this regard were not violated.

Plaintiff also claims that his disciplinary conviction affected his chance of being released on parole. While the loss of good time credits as a result of prison disciplinary proceedings may implicate protected liberty concerns[2], Plaintiff was not deprived of good time credit. The decision to release a prisoner on parole "rests on a myriad of considerations." Luken v. Scott, 71 F.3d 192, 193-194 (5th Cir. 1995)(citing Sandin). It is entirely speculative whether a Louisiana prisoner will obtain release on parole because the decision is discretionary. A number of administrative or

---

[2]. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001); Murphy v. Collins, 26 F.3d 541, 543 & n.5 (5th Cir. 1994) .

4

disciplinary decisions made by prison authorities might somehow affect the timing of a prisoner's release, but such effects have never been held to confer a constitutionally protected liberty interest upon a prisoner such that the prison authorities must comply with the Constitutional requirements of due process. Id.

Even if a protected liberty interest had been implicated during Plaintiff's disciplinary proceedings, his claims for damages based on a violation of his due process rights are not cognizable under 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).[3] Therefore, based on the Sandin and Heck cases and their progeny, it is evident that Plaintiff's due process rights have not been implicated, nor his constitutional rights denied.[4]

Therefore, for the forgoing reasons it is RECOMMENDED that Plaintiff's claims should be DISMISSED as frivolous and for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's

---

[3]According to Heck, an inmate may not attack a prison disciplinary conviction in a civil rights action until he demonstrates that the disciplinary charge has been invalidated, reversed, expunged, or otherwise declared invalid through a collateral proceeding or writ of habeas corpus. Mackey v. Tapia, 2007 U.S. Dist. LEXIS 16810, 3-4 (W.D.L.A. 2007).

[4]Plaintiff affirms that he received a speedy hearing and was represented by inmate counsel. Also, he does not dispute the fact that marijuana was found in his locker; he just claims that he was "set up" by some other inmate.

objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 26th day of March , 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE